# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 8:18-cr-173-CEH-AAS

JUAN LUIS LOPEZ
_____/

## ORDER

This cause comes before the Court on Defendant Juan Luis Lopez's Motion to Reduce Sentence (Doc. 50),[1] and the Government's Response in Opposition (Doc. 55). In the motion, Lopez challenges the validity of his sentence, which included consecutive counts, under the First Step Act of 2018.

Upon review and consideration, the Court will deny Lopez's Motion to Reduce Sentence.

## I.     BACKGROUND

On March 1, 2019, Lopez was sentenced to an aggregate term of imprisonment of 117 months on his plea of guilty to conduct that occurred in February 2018. Doc. 44 at 1-2. His sentence included 57 months' imprisonment for being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1), and 60 months for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C.

---

[1] Although Lopez's motion is on a form labeled "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," a review of the motion demonstrates that he is seeking relief under the First Step Act of 2018. *See* Doc. 51.

§ 924(c). *Id.* The sentences were imposed consecutively. *Id.* at 2. Lopez is currently incarcerated at FCI Loretto.

In his motion, Lopez argues that his sentence is unlawful pursuant to section 403 of the First Step Act, which became effective in December 2018. Doc. 50 at 2, 7. Under this statute, he asserts that the Court cannot impose consecutive sentences for violations of § 924(c). *Id.* Lopez requests that he be resentenced so that his counts run concurrently rather than consecutively to avoid a "stacking" problem. *Id.* at 8.

The Government responds in opposition. Doc. 55. It argues that section 403 of the First Step Act applies only to multiple counts of § 924(c) within the same case. *Id.* at 2. Because Lopez was only convicted of one count of § 924(c) and one count of § 922(g)(1), it was not unlawful to sentence him consecutively and his sentences were not prohibitively stacked. *Id.*

## II. DISCUSSION

The First Step Act of 2018 enacted a variety of changes to federal sentencing laws. Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). Section 403 of the Act clarified the circumstances in which an enhanced sentence for a subsequent firearm conviction could be imposed under 18 U.S.C. § 924(c)(1)(C). That provision imposes a mandatory minimum sentence of 25 years for a defendant who is convicted under § 924(c)(1)(A) after having previously been convicted under the same subsection. The Eleventh Circuit has explained section 403 of the First Step Act as follows:

> Prior to the First Step Act, 18 U.S.C. § 924(c) contained a "stacking" provision where, in the case of a second or subsequent conviction under § 924(c), a defendant was to be "sentenced to a

> term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i). Section 403(a) of the First Step Act amended this language so that the 25-year mandatory minimum on a second § 924(c) violation only applies if the first § 924(c) conviction has become final. First Step Act § 403(a).

*United States v. Thompson*, 846 F. App'x 816, 818 (11th Cir. 2021).

Section 403 of the First Step Act does not apply to Lopez's sentence. Lopez was convicted of only one count under 18 U.S.C. § 924(c). He was not subject to a 25-year mandatory minimum for a second § 924(c) violation. Therefore, his sentence is not unlawful and he is not entitled to resentencing under the First Step Act. *See United States v. Braclet*, 3:08-cr-181-MMH-JBT-2, 2021 WL 1264251, *2 (M.D. Fla. April 6, 2021) (section 403 of the First Step Act did not apply to defendant who was convicted of a single § 924(c) violation).[2] Lopez's motion must be denied.

Accordingly, it is **ORDERED**:

1. Defendant Juan Luis Lopez's Motion to Reduce Sentence (Doc. 50) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 14, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record; Unrepresented Parties

---

[2] Lopez incorrectly interprets section 403 of the First Step Act as prohibiting the imposition of consecutive sentences for convictions involving a violation of § 924(c), which he describes as "stacking." Doc. 50 at 8. "Stacking" instead refers to the practice of stacking *counts* under § 924(c) within the same indictment to trigger the enhanced mandatory minimum sentence of 25 years. *See Thompson*, 846 F. App'x at 818; *Braclet*, 2021 WL 1264251 at *2. In contrast, the statute requires the imposition of a consecutive sentence for any violation of § 924(c). *See* 18 U.S.C. § 924(c)(1)(D)(ii). The Act did not impact the consecutive sentencing provision.