UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO: 8:18-cr-173-CEH-AAS

JUAN LUIS LOPEZ

_____

**ORDER**

This cause comes before the Court on Defendant Juan Luis Lopez's Motion for
Sentencing Modification Under 18 USC 3582(c)(1)(A) (Doc. 57).   In the motion,
Lopez seeks compassionate release because of his medical conditions and the COVID-
19 pandemic.   The Government has responded in opposition (Doc. 60).

Upon review and consideration, and being fully advised in the premises, the
Court will deny the motion.

I.      BACKGROUND

Juan Luis Lopez was sentenced on March 1, 2019, to a total term of 117
months' imprisonment on his guilty plea to felon in possession of a firearm and
ammunition and possession of a firearm in furtherance of a drug trafficking crime.
Doc. 44.  Now 35 years old, he is serving his term of incarceration.

In his motion for compassionate release, Lopez argues that his medical
conditions plus the COVID-19 pandemic constitute an extraordinary and compelling
reason that warrants his release. Doc. 57 at 4-5.  Specifically, he cites diagnoses of
bipolar disorder and obesity, which he argues place him at greater risk of serious

consequences from contracting COVID-19. *Id.* He also contends that the sentencing

factors in 18 U.S.C. § 3553(a) support a sentence reduction, highlighting his status as

an addict at the time of his offense and his positive rehabilitation efforts in prison. *Id.*

at 5-10. Lopez supports his motion with programming records from the Bureau of

Prisons and medical records that document his diagnoses. *Id.* at 28-41. In addition, he

cites the changing landscape of marijuana offenses as a reason for a sentence reduction,

explaining that he was arrested with a large quantity of marijuana because of an

addiction. *Id.* at 5.

The Government has responded in opposition. Doc. 60. It argues that Lopez's

medical conditions do not rise to the level of seriousness that is required to constitute

an extraordinary and compelling reason for compassionate release, and the general

risks posed by the COVID-19 pandemic are also insufficient. *Id.* at 4-6. In any event,

the Government contends that Lopez has not satisfied the sentencing factors under §

3553(a).

## II.    LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a

sentence of imprisonment "constitutes a final judgment and may not be modified by a

district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817,

824 (2010) (internal quotations omitted). Those limited circumstances are provided

under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step

Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows

incarcerated individuals to directly petition a district court for compassionate release.

That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act).  Courts are to consider the factors listed in 18 U.S.C. § 3553(a), as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

## III.   DISCUSSION

The Court will first address the exhaustion of administrative remedies.  Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Here, Lopez provided a copy of a request to the warden of his prison facility, with no response.  The request is dated May 10, 2023 in two different places, and in one place it is dated August 11, 2022. Doc. 57-1.  The instant motion was filed on May 15, 2023.

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Lopez asserts that he submitted the request on August 11, 2022, and that the instant motion is properly filed because more than 30 days elapsed since that date without a response from the warden. Doc. 57 at 16.  Although it is not clear that the request was indeed submitted on August 11, 2022, rather than May 10, 2023, the Government does not challenge or address exhaustion in its response in opposition.  The Court will therefore proceed to the merits of Lopez's motion.

Even if he exhausted his administrative remedies, Lopez has not established an extraordinary and compelling reason that warrants compassionate release.  Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted.  Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).  Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1.  This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.[2]

---

[2] Lopez relies on *United States v. Santos*, No. 2:95-cr-1, 2021 WL 765569, *4 (M.D. Fla. Feb. 26, 2021), and out-of-circuit cases for the proposition that the Sentencing Guidelines do not

Here, Lopez is 35 years old and was not sentenced until 2019. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). He primarily argues that the combination of the COVID-19 pandemic and his diagnoses of obesity and mental illness constitute such a reason, while also mentioning the changing landscape of sentencing for marijuana offenses.

Under the policy statement at U.S.S.G. § 1B1.13, cmt. n.1(A), an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Although Lopez's medical records document his diagnoses of obesity and mental illness, the records do not establish that these conditions are terminal or that they substantially diminish his ability to care for himself within the prison environment. Rather, Lopez indicates he manages these conditions through medication, diet, and exercise. Doc. 57 at 4. Nor does any increased vulnerability to the COVID-19 pandemic that his conditions may create constitute an extraordinary

---

contain a valid definition of "extraordinary and compelling" in light of the First Step Act, enabling courts to define it themselves. Doc. 57 at 3-4. However, subsequent to *Santos* the Eleventh Circuit issued its decision in *Bryant*, 996 F.3d at 1262, which held that courts must follow the strict definition in the Guidelines' policy statement. This Court is bound by *Bryant*.

and compelling reason.  The Court acknowledges the risks that the COVID-19 pandemic poses to vulnerable individuals, particularly in a congregate setting. However, the Eleventh Circuit has held that the COVID-19 pandemic does not permit a district court to deviate from the policy statement's requirements even where an incarcerated individual's medical conditions put him at particular risk of serious consequences from contracting COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same).  Lopez has not established that his medical conditions, with or without the COVID-19 pandemic, constitute an extraordinary and compelling reason that warrants compassionate release.

Lopez also cannot rely on the fourth type of extraordinary and compelling reason listed in the policy statement, either with respect to his medical conditions, the COVID-19 pandemic, or the fact that his offense involved, in part, marijuana.  Under this provision, often described as a "catch-all" provision, compassionate release may be warranted if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D).  The Eleventh Circuit has held that this provision must be interpreted literally. *Bryant*, 996 F.3d 1243.  Therefore, an identified reason requires

approval from the Director of the Bureau of Prisons before it can be considered extraordinary and compelling. *Id.*; *Giron*, 15 F.4th at 1350 ("district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and…only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision").  Lopez has not demonstrated that the BOP has approved his identified reasons as extraordinary and compelling. *See Giron*, 15 F.4th at 1347 (rejecting defendant's argument that his medical conditions and the COVID-19 pandemic fell under the catch-all provision).  As a result, his motion for compassionate release must be denied.

Because the Court has determined that Lopez is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553. *Giron*, 15 F.4th at 1350. However, the Court acknowledges Lopez's rehabilitative accomplishments and encourages him to continue taking advantage of the programming that is available in his facility.

Accordingly, it is **ORDERED**:

1.  Defendant Juan Luis Lopez's Motion for Sentencing Modification Under 18 USC 3582(c)(1)(A) (Doc. 57) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:  Counsel of Record; Unrepresented Parties